MRS. MELZIE SPIVEY v. ROXIE WALTON *et al.*

[64 South. 937.]

WITNESSES. *Code* 1906, *section* 1917. *Disqualification. Estate of deceased.*
　　The rule of evidence as contained in section 1917, Code 1906, providing that "a person shall not testify as a witness to establish his own claim or defense against the estate of a deceased person which originated during the lifetime of such person," applies only to the person who has a claim or defense against the estate of a deceased person, it does not apply to the wife of such person.

APPEAL from the chancery court of Neshoba county.

HON. J. F. McCOOL, Chancellor.

Will contest between Mrs. Melzie Spivey and Roxie Walton and others. From a judgment in favor of the latter, the former appeals.

Luke Spivey and his wife, Mrs. Jennie Spivey, executed what purported to be a last will and testament, making the sole beneficiary of same their son, B. A. Spivey, who was unmarried, and who lived with them. Prior to the execution of this instrument, Luke Spivey had conveyed to his wife the title to the property here in dispute. Shortly after the execution of this purported will, Mrs. Jennie Spivey died. Soon after her death, her son, B. A. Spivey, married the appellant, Melzie Spivey. A short while thereafter B. A. Spivey died, and before the end of the year Luke Spivey died. Appellant thereafter probated the will of Luke and Jennie Spivey, devising all their property to B. A. Spivey, the deceased husband of the appellant. Issue *devisavit vel non* was made up, and by agreement a jury was waived.

Prior to the probation of said will, appellees, who are the heirs at law of Luke and Jennie Spivey, had filed a bill for partition, asking that the lands devised in the said will be divided among the heirs at law. It was agreed between counsel that both issues should be submitted to the chancellor, without a jury, on the same evidence. The chancellor, after hearing the evidence, held that the instrument was not the last will and testament of Luke and Jennie Spivey, that they were not of sound mind at the time of the execution of same and ordered that the property be sold for partition and the proceeds divided among the heirs at law.

On the trial, the husbands of certain of the appellees were permitted to testify as to the mental condition of Luke and Jennie Spivey at the time of the execution of the purported will. The admission of their testimony is assigned as error.

*T. W. Wilson, H. H. Rodgers* and *Flowers & Brown,* for appellant.

We desire to call the attention of the court to what we consider the real error, if error at all, committed by the trial court. This error is the admission of the testimony of the witnesses Walton, Ingram and Parker, the husbands of complainants or rather of the contestants. Under the doctrine announced in the *Whitehead case,* 61 So. 737, it would have been error to allow the wives of these parties to testify as to the sanity of the testator, and following the rule laid down in that case we are of the opinion that since the husband and wife are of "one flesh," and it would be error to permit one to testify, it would be certainly error to permit the other to do so. In other words, if by permitting these ladies to testify as to the inability of Mrs. Walton to make this will, section 1917 of the Code would be violated, in that they would be in effect establishing their claim against the estate of a dead person which originated during his lifetime; then we say that they cannot allow their husbands to come in and say "here am I, send me." Will anyone be heard to say that the estate of the husband is not the estate of the wife and *vice versa?* If this is not the law, then the doctrine in the Whitehead case, *supra,* will amount to but very little. It will in effect be nullified.

We are aware of the fact that this record presents a finding by a chancellor on a question of fact. We are also aware of the reluctance with which this court disturbs such a finding. But when a record contains a finding which was arrived at by the admission of incompetent testimony we are of the opinion that the court will not hesitate to reverse such finding.

It seems that there is very strong evidence in this record to show that Mrs. Spivey really intended to leave all her property to her son B. A. Spivey. This boy is dead now and this is an attempt to take from his widow the property which he inherited from his mother. The san-

ity or insanity of Luke Spivey, the father of appellant's husband ought not to enter into this controversy. He had, long before her death, conveyed this property to his wife, Mrs. Jennie Spivey, under whom this appellant is claiming. The mere fact that Luke Spivey may not have been of sound mind makes no difference one way or the other so far as this case is concerned. It seems that it was just thrown in for ballast.

We ask the court to consider this contention and if we are correct, to reverse the case.

*G. E. Wilson,* attorney for appellee.

REED, J., delivered the opinion of the court.

There is ample testimony to support the decree of the chancellor in favor of the contestants, on the trial of the issue *devisavit vel non* in this case. The instrument propounded for probate was decreed to be not the true last will and testament of Luke Spivey and Jennie Spivey, his wife, and its probate was refused. Contestants are heirs at law of Mr. and Mrs. Spivey.

In one of the briefs for appellant, counsel claim that the chancellor committed error in admitting the testimony of the husbands or several of the contestants tending to show the mental incapacity of Mr. and Mrs. Spivey. The following, taken from the brief, gives counsel's contention: "Under the doctrine announced in the *Whitehead case,* 61 So. 737, it would have been error to allow the wives of these parties to testify as to the sanity of the testator, and, following the rule laid down in the case, we are of the opinion that since the husband and wife are of 'one flesh,' and it would be error to permit one to testify, it would be certainly error to permit the other to do so."

We do not see anything in section 1917 of the Code of 1906 providing that "a person shall not testify as a witness to establish his own claim or defense against the

estate of a deceased person which originated during the lifetime of such person," nor in the case of *Whitehead* v. *Kirk, supra,* discussing the statute, to sustain counsel's position. The quotation by Judge COOK in the Whitehead Case of the words in Gen. ii, 24, "Therefore shall a man leave his father and his mother, and shall cleave unto his wife; and they shall be one flesh," was made in that part of the opinion discussing and deciding the question of the wife's competency to testify "concerning the acts and words of her husband, done and said under the protection of confidential communication between husband and wife."

The importance of the unity of husband and wife in matters pertaining to the marriage relation and in their association with each other as conjugal partners is beyond question. We also bear in mind that under the common law there is a unity of the couple, and disabilities to the wife by reason of coverture. This, however, has been changed by the statutes of Mississippi. The married woman has been fully emancipated. As to property rights, the right to contract, as well as with other rights and liabilities, the husband and wife are separate, and are not one.

The rule of evidence as contained in section 1917 of the Code of 1906 applies only to the person who has a claim or defense against the estate of a deceased person. It will not apply to the spouse of such person. The chancellor did not err in admitting testimony of the husbands of several of the contestants.

*Affirmed.*